**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

| | | |
|---|---|---|
| MOSHE FARHI, on behalf of himself and all others similarly situated, | ) ) ) | Case No. _____ |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| T-MOBILE USA, INC., | ) ) | **NOTICE OF REMOVAL** |
| Defendant. | ) ) | |

In accordance with 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendant T-Mobile USA, Inc. ("T-Mobile") hereby notices its removal of this action from the Circuit Civil Court of the 15th Judicial Circuit, Palm Beach County, Florida (the "State Court") to the United States District Court for the Southern District of Florida, West Palm Beach Division.  This Court has jurisdiction over this action under 28 U.S.C. § 1332(d)(2).  As grounds for removal, T-Mobile respectfully shows the Court the following:

**I.      BACKGROUND**

1.      On February 5, 2016, Plaintiff Moshe Farhi filed a Class Action Complaint (the "Complaint") against T-Mobile in the Circuit Civil Court of the 15th Judicial Circuit, Palm Beach County, Florida, Case No. 502016CA001251XXXXSB (the "State Court Action").  As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders filed in the State Court Action or served upon T-Mobile in the State Court Action as of the date of this filing are attached hereto as Exhibit "A."

2.      Plaintiff asserts claims under the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.72(9), and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §§ 501.203(3), 501.204(1), based on T-Mobile's alleged business practices.

3.     As stated in the Complaint, Plaintiff seeks to represent a proposed class of individuals defined as follows:

> All Florida residents from whom T-Mobile attempted to collect an accelerated amount due under a Device Agreement (referred to as an "Equipment Installment Plan Loan Agreement" by T-Mobile), not actually owed, within four years prior to the filing of this Complaint, through the date of class certification.

(Compl., ¶ 34).

4.     This Court has original subject matter jurisdiction over this action and all claims asserted against T-Mobile under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

5.     Because this Court has original subject matter jurisdiction over this action, removal of this action to this Court is proper under 28 U.S.C. §§ 1441 and 1446.

6.     Venue is proper in this Court under 28 U.S.C. §§ 1441(a) and 89(c) because the United States District Court for the Southern District of Florida, West Palm Beach Division, is the federal judicial district and division embracing the Circuit Civil Court of the 15th Judicial Circuit, Palm Beach County, where the State Court Action was filed.

7.     Plaintiff served T-Mobile with a Summons and copy of the Complaint on March 18, 2016. This Notice of Removal ("Notice") is timely filed in compliance with 28 U.S.C. § 1446(b) because it is filed within 30 days of March 18, 2016, the date of service.

8.     In accordance with 28 U.S.C. § 1446(d), T-Mobile has filed this Notice with this Court, will serve a copy of this Notice upon counsel for all parties, and will file a copy in the Circuit Civil Court of the 15th Judicial Circuit, Palm Beach County, along with a Notice of Filing of Notice of Removal. A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit "B."

## II.     JURISDICTION UNDER CAFA

9.     This Court's removal jurisdiction is invoked under 28 U.S.C. § 1441 and CAFA as codified throughout Title 28 of the United States Code.  CAFA became effective on February 18, 2005, and applies to any civil action commenced on or after its date of enactment.  CAFA applies to this action because this action was commenced on February 5, 2016.

10.     Congress enacted CAFA to expand federal jurisdiction over proposed class actions. CAFA provides that a class action against a non-governmental entity may be removed to federal court if: (1) the number of proposed class members is not less than 100; (2) any member of the proposed class is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $,5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d)(2), d(5) & 1453(b).

11.     This action satisfies all of the requirements under CAFA for removal.

### A.     The Number of Proposed Class Members is Not Less Than 100.

12.     The Complaint alleges that "there are likely hundreds of class members" in the class of persons Plaintiff seeks to represent.  (Compl., ¶ 39).  This allegation supports a finding that there are at least 200 members in the class of persons Plaintiff seeks to represent.  *See, e.g.*, *Wright v. Exxelot Corp.*, No. 8:11-cv-1665, 2011 WL 4634152, at *2 (M.D. Fla. Oct. 6, 2011) ("'Hundreds' could range anywhere from 200 to 900 employees."); *see also Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 505 (3d Cir. 2014) (alleging 200 class members in notice of removal where complaint alleged "hundreds of class members").  Thus, relying solely on the allegations made on the face of Plaintiff's Complaint, the requirement that the number of proposed class members is not less than 100 is satisfied.

**B.     Diversity of Citizenship Exists Under 28 U.S.C. § 1332(d)(2)(A).**

13.     The minimum diversity criterion of CAFA requires simply that any member of the putative class be a citizen of a state different from that of any defendant.  28 U.S.C. § 1332(d)(2)(A). Here, Plaintiff Moshe Farhi is a citizen of Florida.  (Compl., ¶ 8).

14.     T-Mobile is a Delaware corporation with its principal place of business in Bellevue, Washington.  (*See* Compl., ¶ 9 (acknowledging that T-Mobile "is a foreign corporation with a principal place of business at 12920 S.E. 38th Street Bellevue, WA 98006")).

15.     Accordingly, CAFA's requirement of minimum diversity is satisfied because members of the putative class are citizens of a different state from that of one of the defendants.  *See* 28 U.S.C. § 1332(d)(2)(A).

16.     In addition, because T-Mobile is not a Florida citizen, this Court is neither permitted nor required to decline jurisdiction under either 28 U.S.C. § 1332(d)(3) or 28 U.S.C. § 1332(d)(4).

**C.     The Aggregate Amount in Controversy, Exclusive of Interest and Costs, Exceeds the $5,000,000 Jurisdictional Threshold.**

17.     When determining the amount in controversy under CAFA, "the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover. The amount in controversy is not proof of the amount the plaintiff will recover.  Rather, it is an estimate of the amount that will be put at issue in the course of the litigation." *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (internal quotations and citations omitted).

18.     For purposes of determining the amount in controversy under CAFA, the claims of the individual class members are aggregated.  28 U.S.C. § 1332(d)(6).  Here, the aggregate amount of damages and attorneys' fees sought by Plaintiff exceeds CAFA's $5,000,000 amount in controversy

requirement, exclusive of costs and interest, and CAFA's amount-in-controversy requirement is satisfied.[1]

19.     On behalf of himself and the putative class, Plaintiff requests an award of compensatory and statutory damages resulting from alleged violations of the FCCPA and FDUTPA, plus attorneys' fees. (Compl., Prayer for Relief (a)–(c)).

20.     The FCCPA allows for statutory damages of up to $1,000 per plaintiff, with an aggregate class cap at $500,000, Fla. Stat. § 559.77(2), and FDUTPA allows for civil penalties of up to $10,000 for each violation, *id.* § 501.2075.  Given these statutory damages requested by Plaintiff, the amount in controversy requirement is satisfied if even 455 individuals fall within Plaintiff's proposed class.  While T-Mobile disputes that the proposed class could ever meet the requirements for class certification and denies that it attempted to collect any amounts not actually owed, T-Mobile's business records indicate that at least 455 people fall within the proposed class definition.  Taking into account these statutory damages alone, the amount in controversy exceeds the $5,000,000 jurisdictional threshold under CAFA.

21.     In addition to statutory damages, Plaintiff seeks "actual [compensatory] damages, including but not limited to forgiveness of amounts not owed."  (Compl., Prayer for Relief (a)). Plaintiff also seeks an award of attorneys' fees.  (Compl., Prayer for Relief (c)). "When a statute

---

[1] T-Mobile denies any liability in this case and denies that Plaintiff's claims could ever satisfy any of the requirements for class certification under Federal Rule of Civil Procedure 23. T-Mobile further notes that Plaintiff's arbitration agreements and class action waivers with T-Mobile preclude him from prosecuting his claims in any judicial forum.  Nevertheless, for purposes of removal, it is the allegations and requests for relief in the Complaint that govern, and here they show that CAFA jurisdiction exists.

authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrisson v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000).

22.     Thus, the amount in controversy requirement is easily satisfied here.

## III.   CONCLUSION

23.     In conclusion, T-Mobile submits that CAFA applies to this action because: (1) Plaintiff commenced this action after CAFA's effective date; (2) there are not less than 100 proposed class members; (3) at least one member of the proposed class is a citizen of a state different from T-Mobile's state of incorporation and principal place of business; (4) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (5) the procedural requirements for removal under 28 U.S.C. § 1446 are met.   For these reasons, T-Mobile respectfully requests that this Court assume full jurisdiction over this action as provided by law.

24.     T-Mobile intends no admission of liability by this notice and expressly reserves all defenses, motions, and pleas, including without limitation objections to the sufficiency of Plaintiff's pleadings and to the proprietary of class certification.

This the 15th day of April, 2016.

> */s/ Scott Hawkins*
> KRISTINE MCALISTER BROWN
> Fla. Bar No. 433640
> **ALSTON & BIRD LLP**
> 1201 West Peachtree Street
> Atlanta, GA  30309-3424
> Telephone:  (404) 881-7000
> Facsimile:  (404) 881-7777
> *kristy.brown@alston.com*
>
> SCOTT G. HAWKINS
> Fla. Bar No. 0460117
> **JONES FOSTER JOHNSTON & STUBBS, P.A.**
> 505 South Flagler Drive, Suite 1100
> West Palm Beach, FL 33501
> Telephone:  (561) 560-0460

Facsimile:  (561) 650-5300
*shawkins@jonesfoster.com*

*Attorneys for Defendant T-Mobile USA, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day I electronically filed the within and foregoing with the

Clerk of Court using the CM/ECF system, and additionally served counsel of record by depositing

copy of same in the United States Mail in an envelope with adequate postage affixed thereon,

properly addressed as follows:

James L. Kauffman
BAILEY & GLASSER LLP
1054 31st Street
Suite 230
Washington, DC 20007

J. Dennis Card, Jr.
Darren Newhart
HICKS MOTTO & EHRLICH, P.A.
3399 PGA Boulevard
Suite 300
Palm Beach Gardens, FL 33410

This 15th day of April, 2016.

*/s/ Scott Hawkins*
SCOTT G. HAWKINS